## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

H.E.*,*

    Plaintiff,

    vs.

PRESSLEY RIDGE,             Civil Action No.:  3:25-cv-00611

    Defendant.

### PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff H.E., by and through his undersigned counsel, Stephen New; Stephen New & Associates; Max Petrunya, Esquire, and Max Petrunya, P.C., and files the following Civil Action, averring as follows:

### PARTIES

1.    Given the sensitive nature of the claims made by Plaintiff H.E., Plaintiff is filing their Complaint under a pseudonym initial to protect their identity.

2.    Plaintiff H.E. is an adult individual who currently resides in the Northern District of West Virginia. Specifically, the Plaintiff currently resides in Huntington, WV.

3.    Defendant, PRESSLEY RIDGE is a non-profit corporation organized and operating pursuant to the laws of the Commonwealth of Pennsylvania. At all times relevant hereto, Defendant PRESSLEY RIDGE was acting independently, and by and through the actions of its employees who were acting within the course and scope of their employment.

4.    Defendant PRESSLEY RIDGE maintains a registered corporate office headquarters address of 5500 Corporate Drive, Suite 400, Pittsburgh, Allegheny County, Pennsylvania 15237.

5.    At all times relevant hereto, Defendant Pressley Ridge, through its corporate

1

headquarters in Allegheny County, was responsible for the oversight, management, control, hiring, policies and procedures, and operations of its schools, residential treatment facilities, nature centers, and other locations whereby the events alleged herein took place.

6.      Plaintiff was born in 1989, and is currently under the age of thirty-six (36). Their claim is therefore not barred by any Statute of Limitations within the State of West Virginia.

7.      As set forth more fully below, Plaintiff asserts their state law claims for negligence, negligent supervision, negligent hiring, training, and retention, and breach of fiduciary duty.

8.      Plaintiff seeks compensatory and punitive damages for the injuries they suffered, as well as reasonable attorneys' fees and costs and disbursements in bringing this action.

## **VENUE**

9.      Venue lies within this judicial district since complete diversity exists.

10.      Defendant Pressley Ridge is headquartered in Allegheny County, Pennsylvania and complete diversity exists between Plaintiff and Defendant Pressley Ridge pursuant to 28 U.S.C. 1332 (a)(1).

11.      The incidents alleged in this Complaint took place at Defendant's facility in Ona, West Virginia.

12.      Pressley Ridge maintained its corporate headquarters in Allegheny County, Pennsylvania and was responsible for operation, oversight, management, control, hiring, policies and procedures, and operations of its schools, residential treatment facilities, nature centers, and other locations whereby the events alleged herein took place.

**FACTS**

Sexual Abuse of Minors at Juvenile Residential Institutional Facilities

*History and Tolerance of Sexual Abuse at Juvenile Residential Treatment Facilities*

13.    For decades, children at youth treatment centers have suffered sexual abuse at the hands of guards, counselors, and other agents, all while the operators of these institutions, like Defendant, has had knowledge of, and turned a blind eye to, this culture of abuse.[1] The sexual abuse at juvenile detention facilities and "nature reserve" treatment centers, like the ones operated by Defendant Pressley Ridge, has ranged from inappropriate strip searches to rape using violent physical force.[2] The agents and employees at these facilities have had inappropriate and criminal sexual relationships with children, oftentimes involving bribery and grooming. Children detained at these facilities were regularly offered contraband—such as cigarettes, drugs, candy, and alcohol—or privileges in exchange for sexual favors.[3] The pervasive and persistent abuse, including sexual abuse, at juvenile detention facilities has been publicly reported on for years. The culture of abuse nonetheless continues to be a reality for children detained in facilities like the one operated by Defendant.

14.    Children who are sexually abused in juvenile detention facilities like Pressley Ridge rarely file grievances against staff due to fear of retaliation or knowing that they will not be

---

[1]    *See, e.g.*, U.S. Dep't of Just., Bureau of Justice Statistics, *Sexual Victimization in Juvenile Facilities Reported by Youth, 2008-09* (Jan. 2010), available at https://files.eric.ed.gov/fulltext/ED508530.pdf.
[2]    *See* U.S. Dep't of Just., *Proposed National Standards to Prevent, Detect, and Respond to Prison Rape Under the Prison Rape Elimination Act (PREA)* at 15 (Jan. 2011), available at https://www.ojp.gov/sites/g/files/xyckuh241/files/media/document/prea_nprm_iria.pdf.
[3]    *See, e.g.*, U.S. Dep't of Just., Bureau of Justice Statistics, *Sexual Victimization in Juvenile Facilities Reported by Youth, 2008-09* at 14 (Jan. 2010), https://files.eric.ed.gov/fulltext/ED508530.pdf.

believed.[4] Children at juvenile detention facilities like Pressley Ridge know that they cannot trust facility staff, who regularly engage in physical abuse of the children charged to their care.[5] When they do witness or learn of sexual assaults, staff members at juvenile detention facilities like Pressley Ridge look the other way and allow it to continue.[6] Sexual abuse at juvenile detention facilities like Pressley Ridge therefore goes severely underreported.[7]

15.    According to a 2010 report from the U.S. Department of Justice, 13% percent of youth in juvenile facilities are sexually abused, most often by the staff of the facility.[8]

16.    In 2008-09, the U.S. Department of Justice conducted a study that found that 88% of youth who reported staff sexual misconduct reported more than one incident, with 27% reporting more than ten.[9]

17.    In another study conducted by the U.S. Department of Justice that examined substantiated instances of sexual abuse at juvenile detention facilities between 2013 and 2018 found that most juvenile detention staff who sexually victimized children faced no legal repercussions for their actions.[10]

---

[4]       *See* Jana Allen et. al., *'It's never OK': Sexual abuse persists in juvenile facilities despite years of reform*, Kids Imprisoned – News21, (Aug. 21, 2020) available at https://kidsimprisoned.news21.com/sexual-assault-juvenile-detention-facilities/
[5] *Id.*
[6] *Id.*
[7]       *See* Robert W. Dumond, *The Impact of Prisoner Sexual Violence: Challenges of Implementing Public Law 108-79 – The Prison Rape Elimination Act of 2003*, 32 J. LEGIS. 142, 147 (2006) ("To fully understand the implications of the BJS study, one must recognize that of all categories of crime, rape and sexual violence are known to be one of the most underreported, making an accurate assessment of its occurrence difficult.").
[8]       Jeremy Travis, *Reflections on Juvenile Justice Reform in New York*, 56 N.Y.L.S. Law Rev. 1318 at 1322 (2011-12)                           available                           at https://digitalcommons.nyls.edu/cgi/viewcontent.cgi?article=1682&context=nyls_law_review; Melissa Sickmund, U.S. Dep't of Justice, *Juveniles in Residential Placement, 1997–2008* (2010), available at https://www.ncjrs.gov/pdffiles1/ojjdp/229379.pdf.
[9]       *See* U.S. Dep't of Just., *Proposed National Standards to Prevent, Detect, and Respond to Prison Rape Under the Prison Rape Elimination Act (PREA)* at 6 (Jan. 2011), available at https://www.ojp.gov/sites/g/files/xyckuh241/files/media/document/prea_nprm_iria.pdf.
[10]      *See* Emily D. Buehler, U.S. Dep't of Just., *Substantiated Incidents of Sexual Victimization Reported by Juvenile Justice Authorities, 2013–2018* (Mar. 2023) available at https://bjs.ojp.gov/document/sisvrjja1318.pdf

18.    This study found that more than 27% of children who were abused by staff were subject to actions that could be viewed as punishment, such as being issued a disciplinary report, losing privileges, being placed in a separate housing unit, or confined to their cell or room.[11]

19.    The study also concluded that the majority of the cases involving staff victimizing youth were more serious in nature: 68% involved sexual misconduct, which the study defined as indecent exposure, intentionally touching sexual areas, and actions up through completed sexual acts.

20.    While the U.S. Department of Justice Report focused on substantiated reports of sexual abuse, experts in the field note that "only a minuscule percentage of the overall incidents of sexual abuse [are reported]; most kids in custody who endure abuse don't speak out, and those who do usually see their reports go nowhere."[12]

21.    Defendant was aware or should have been aware that sexual abuse of children by facility staff was a persistent and prevalent problem in their juvenile detention facilities, including Pressley Ridge and its nature centers throughout Western Pennsylvania and West Virginia. For decades, Defendant has been made aware of the ongoing sexual abuse of children in their care through various investigations and reports and through numerous allegations by children, extensive media reporting, and criminal proceedings against their employees and agents.

22.    Documented and publicized abuse, and reports of conditions known to be likely to lead to abuse, at Pressley Ridge facilities include:

          *a.*    In 2017, a former Pressley Ridge staff member was arrested for sexually assaulting a 16-year-old girl at the facility;

---

[11] *Id.*

[12]    *See* Tami Abdollah, *Juvenile detention staff who sexually victimized children face few legal sanctions, study says*, USA Today, (Apr. 1, 2023) available at https://www.usatoday.com/story/news/2023/04/01/most-juvenile-detention-staff-who-abused-children-faced-no-legal-action/11571406002/

**a.** Defendants' Duty to Plaintiffs

23.    At all times relevant and material hereto, the Defendant was responsible for providing for the care, protection and safety of children placed in Pressley Ridge.

24.    Defendant was responsible for oversight and monitoring of Pressley Ridge to ensure compliance with applicable city, state, and federal laws.

25.    Defendant was responsible for ensuring that the rights of children placed at Pressley Ridge were not violated and that children placed in Pressley Ridge continued to enjoy all the fundamental rights and freedoms children have outside of juvenile detention centers. This included the basic right to be treated with dignity, the right to be free of cruel and inhumane treatment, and the right to be free from physical and sexual abuse.

26.    Upon information and belief, Defendant was responsible for developing policies and procedures to prevent the sexual abuse of children in its legal custody.

27.    Upon information and belief, Defendant was responsible for performing database and/or background checks on prospective employees and staff of Pressley Ridge.

28.    At all times relevant and material hereto, Defendant was authorized to inspect and supervise Pressley Ridge in the interest of protecting the life, health, safety, and comfort of the children placed in juvenile detention.

29.    At all times relevant and material hereto, Defendant was authorized and required to investigate all reported child abuse allegations at Pressley Ridge.

30.    At all times relevant and material hereto, Defendant had a non-delegable duty to use reasonable care in the investigation, licensing, supervision and/or monitoring of Pressley Ridge and to develop or implement programs, guidelines, procedures and/or training to prevent the abuse of children placed within Pressley Ridge.

31.    At all times relevant and material hereto, Defendant provided child welfare, child protective care, and childcare services.

32.    At all times relevant and material hereto, Defendant were the legal guardian and/or custodian of Plaintiffs and owed Plaintiffs a duty of reasonable care to protect them from foreseeable harms.

33.    At all times relevant and material hereto, Defendant owed a non-delegable duty to Plaintiffs to use reasonable care to protect the safety, care, well-being and health of Plaintiffs while they were under its care and custody. Defendants' duties encompassed reasonable care in the supervision of children in its agents' custody and control, as well as reasonable care in the selection, retention and supervision of individuals working at Pressley Ridge.

34.    At all times relevant and material hereto, Defendant owed a non-delegable duty to exercise reasonable care in the training of employees and/or agents in the prevention of sexual abuse and protection of the safety of children in its care, custody and/or control.

35.    At all times relevant and material hereto, the Defendant owed a non-delegable duty to establish and implement policies and procedures in the exercise of reasonable care for the prevention of sexual abuse and protection of the safety of children in its care, custody and/or control.

36.    At all times relevant and material hereto, Defendant owed non-delegable duties to children in juvenile detention, including without limitation:

    a.  To evaluate and investigate all reports of child abuse and/or neglect;

    b.  To investigate all relevant conditions of the juvenile detention centers and youth centers and facilities that might affect the child;

    c.  To ensure that children residing in a juvenile detention center and youth centers and facilities are supervised at all times by authorized adult caregivers;

    d.  To report and investigate all known incidents of sexual abuse or aggression occurring in the juvenile detention center and youth centers and facilities;

    e.  To ensure that children were not left in dangerous conditions, including being subjected to sexual, emotional or physical abuse.

37.    Defendant is legally responsible for the acts, omissions and negligence of its agents, employees and entities with which it retains and/or contracts with to render juvenile detention and other custodial services, including without limitation, at Pressley Ridge.

38.    Defendant is legally responsible for the acts, omissions and negligence of the agents, employees and entities carrying out its non-delegable duties, including without limitation, at Pressley Ridge.

**b.** <u>Sexual Abuse of Plaintiff at Pressley Ridge</u>

39.    For decades, counselors, guards, and agents of the Defendant Pressley Ridge have subjected children, including the individual Plaintiffs and others, to sexual abuse and harassment.

40.    The institution, with knowledge of the actions of its employees and/or a willful ignorance to these actions, has turned a blind eye to this culture of abuse.

41.    The sexual abuse at these facilities, and as detailed herein, ranges from inappropriate strip searches to rape using physically violent force.

42.    The employees of the Defendant's institution have had inappropriate and criminal sexual relationships with children at the facility.

43.    These relationships are oftentimes predicated on grooming, bribery, and threats.

44.    Children at the Defendant's institution are regularly offered contraband or privileges in exchange for sexual favors.

45.    Other children are threatened with punishment, physical harm, and the threat of individuals not believing their recitation of the abuse by the authority figures at the institution.

46.    This culture of pervasive and persistent abuse has been reported publicly for decades.

47.    Despite its pervasiveness, the culture continues with children at the institution scared to file grievances or claims against their abusers for fear of retaliation or knowing they will not be believed.

48.     Knowing that the agencies responsible for overseeing their institution do not have the resources to curtail this behavior, the employees at the institutions abuse the system to commit repeated sexual abuse against these individuals without any repercussions.

**c.**  Facts Specific to Individual Plaintiffs at Pressley Ridge

*Plaintiff H.E.*

49.    Plaintiff "H.E." was housed at a facility owned and/or operated by Pressley Ridge in Ona, West Virginia for approximately ten months between 2003 and 2004, when she was approximately 14 years old.

50.    Plaintiff H.E. was born in 1989, meaning that their claim falls within the statute of limitations.

51.    Plaintiff H.E. was sexually abused by an individual known as Jeremy ("Abuser Jeremy" or "Abuser").  At the relevant times herein, Abuser Jeremy was a Level 2 Girls staff member at Pressley Ridge Grant Gardens and served as an employee/agent of the Defendant.

52.    The sexual abuse took place on one occasion while Plaintiff H.E. was housed at Pressley Ridge. Plaintiff H.E. was alone in their bedroom when Abuser Jeremy entered the room.

53.    Abuser Jeremy told Plaintiff H.E. he would give them contraband items if he could touch H.E.. Plaintiff H.E. knew from other girls at Pressley Ridge that Abuser Jeremy had also given them contraband in the past, so H.E. complied.

54.    Abuser Jeremy forced his hand down Plaintiff H.E's pants and groped their genital area overtop of their underwear. Abuser Jeremy also forced his hands under H.E.'s shirt to grope their breasts overtop of their bra.

55.    When the abuse was over, Abuser Jeremy gave Plaintiff H.E. three cigarettes and a small green lighter.

56.    Shortly after this incident, Abuser Jeremy was fired from Pressley Ridge when another girl reported him for sexually abusing her in a similar manner to the abuse perpetrated against H.E.

57.    The above-described sexual contact and/or acts perpetrated by Abuser Jeremy were non-consensual. At the relevant times herein, Plaintiff H.E. was a minor and could not legally consent.

58.    Defendants knew, or should have known, that Abuser Jeremy was sexually abusing children at Pressley Ridge, including Plaintiff H.E.

59.    At the time of the above-described sexual abuse of Plaintiff H.E., Abuser Jeremy was not being adequately supervised, monitored, or surveilled by Defendants. Upon information and belief, Defendants' failure to supervise, discipline, remove, and/or otherwise investigate Abuser enabled the above-described sexual abuse.

**d.** Facts Common to All Plaintiffs at Pressley Ridge

60.   PERPETRATORS used their positions of authority over Plaintiff, as agents of Defendant, to calculatedly manipulate and groom Plaintiff during Plaintiff's time as juvenile detainees at Pressley Ridge as described above.

61.   PERPETRATORS sexually, physically, and/or emotionally abused Plaintiff, while they were minors during the period described above.

62.   During their tenure, staff members, servants, representatives and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, trained, and/or otherwise controlled by and for Defendant, PERPETRATORS were serial molesters and sexual, physical, and/or emotional abusers of children, including Plaintiffs.

63.   PERPETRATORS committed acts of abuse and molestation against Plaintiff.

64.   At all material times hereto, Defendant knew or should have known that PERPETRATORS sexually, physically, and/or emotionally abused children and/or were not fit to serve as staff members, teachers, employees, agents, servants, representatives and/or ostensible agents.

65.   At all material times hereto, Defendant knew or should have known that PERPETRATORS abused Plaintiff and/or other children at Pressley Ridge.

66.     The above-described PERPETRATORS engaged in forcible compulsion or threat of forcible compulsion of each Plaintiff during and in order to facilitate each occasion of sexual abuse, as the above-described PERPETRATORS committed their sexual abuse by use of physical, intellectual, moral, emotional or psychological force, either express or implied.

67.     At all material times hereto, Defendant took no action and/or or failed to timely and adequately take action to warn or otherwise protect children of Pressley Ridge, including Plaintiffs, from PERPETRATORS.

68.     At all times material hereto, as a result of the sexual, physical, and/or emotional abuse by PERPETRATORS, Plaintiff has suffered from extreme difficultly navigating intimate relationships, and they have experienced and continue to experience bouts of anger, difficulties when involved in relationships and attempting to be intimate in the context of these relationships.

69.     As a result of the sexual, physical, and/or emotional abuse set forth above, Plaintiff suffered great, permanent harm, including but not limited to, the following: severe emotional distress, extreme trauma, depression, anxiety, post-traumatic stress disorder (PTSD) symptoms, suicidal ideations, humiliation, embarrassment, fear, shame, emotional dissociation, and/or loss of self-esteem and self- worth, all of which has and/or will continue to require counseling, therapy, and/or other treatment.

70.     Also, as a result of the sexual, physical, and/or emotional abuse set forth above and its consequential trauma and harm, Plaintiff has suffered a severe impairment and disruption of their enjoyment of life, identity, intimacy with loved ones, sexuality, and/or belief structure, including, but not limited to, the impairment and disruption of their relationship with members of their families, friends, acquaintances, and/or others.

71.    Also, as a result of the sexual, physical, and/or emotional abuse set forth above and its consequential trauma and harm, the Plaintiff suffered from destructive and dysfunctional behaviors, including, but not limited to, addictions (i.e. alcohol and/or drugs) and/or other mental health issues, all of which have required and/or will require counseling, therapy, and/or other treatment.

72.    Also, as a result of the sexual, physical, and/or emotional abuse set forth above and its consequential trauma and harm, the Plaintiff has incurred significant past loss of wages and future loss of earning capacity to their permanent detriment.

73.    Survivors of sexual abuse and victims' declarations and/or revelations of their experiences with sexual, physical, and/or emotional abuse and corresponding damages caused by such abuse prompted Plaintiff to realize he is not alone, and to acknowledge, address, and/or discover the connection between their abuse and their corresponding emotional distress, social dysfunction and/or other damages and to speak out concerning same.

74.    As alleged in greater detail herein above and/or below, all of Plaintiffs' severe, permanent, and ongoing damages were caused by the culpable acts and/or omissions of Defendant.

75.    As set forth more fully herein, the negligence, gross negligence, recklessness, and/or punitive behavior of the Defendant was a direct and proximate cause of damages to Plaintiffs.

76.    Plaintiffs' injuries and/or damages were caused solely by the negligence, gross negligence, recklessness, and/or punitive behavior of the Defendant, as set forth more fully herein, and were not caused or contributed thereto by any negligence, gross negligence, recklessness and/or punitive behavior on the part of the Plaintiff.

## COUNT 1 – NEGLIGENCE

77.    The previous paragraphs set forth above are incorporated herein by reference.

78.    Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by WV Code Chapter 49 § 49-2-803 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

79.    The recklessness, negligence and/or carelessness of Defendant by and through their actual or apparent staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said Defendant, consisted of, among other things, the following:

      a.    Failing to properly screen Pressley Ridge staff, teachers, counselors, employees, agents, servants, representatives, and ostensible agents adequately before placing them in close contact with children;

      b.    Failure to properly investigate complaints of sexual, physical, and/or emotional abuse, inappropriate behavior and/or other abusive behavior;

      c.    Minimizing, ignoring, or excusing inappropriate or questionable behavior and/or misconduct by Pressley Ridge staff, teachers, counselors, employees, agents, servants, representatives, and ostensible agents over a period of months, years and/or decades;

      d.    Failure to properly and/or adequately warn judges, probation officers, court officials, law enforcement, parents, children, community members, and/or the public at large, including, but not limited to, Plaintiffs and similarly situated children, and their parents and/or family members, regarding the inappropriate behavior and/or misconduct of PERPETRATORS, and/or abusive staff, teachers, counselors, employees, agents, servants,

representatives, and/or ostensible agents, despite knowledge of the dangers they presented and the harmful and complicit culture and environment created by such failures to warn;

e. Assigning Pressley Ridge staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible agents known to have engaged in questionable and/or inappropriate behavior or misconduct and/or known to be pedophiles and/or sexual predators and/or physical abusers, including but not limited to, PERPETRATORS, and/or staff members, to a position within Pressley Ridge where said individual(s) had regular contact with children;

f. Failure to report criminal activity, including child abuse, to appropriate law enforcement agencies and/or authorities;

g. Negligent failure to provide a safe environment and protective culture to children within the campus, resident halls, bathrooms, classrooms, and/or other external locations operated, visited, and/or owned by Defendants;

h. Failure to establish, implement, and maintain proper and effective policies and procedures to prevent sexual, physical, and/or emotional abuse of and/or other abusive behavior toward children;

i. Negligently maintaining custody, supervision and protection of children placed in their care by virtue of their legal authority;

j. Failure to properly train Pressley Ridge staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible agents to identify signs of child molestation or inappropriate sexually related behavior to children and/or physical and/or emotional abuse of children by fellow employees, associates, and/or individuals within its control, oversight, supervision, and/or ostensible control;

k. Negligent retention of and/or failure to terminate PERPETRATORS and/or staff members, and/or other sexually inappropriate and/or abusive individuals from or associated Pressley Ridge, promoting a culture and environment of complicity, denial and deception regarding child abuse at Pressley Ridge;

l. Recklessly, negligently and/or carelessly failing to observe, manage, direct, oversee, and supervise the relationship between Plaintiffs and PERPETRATORS and/or other staff members;

m. Recklessly, negligently and/or carelessly failing to have proper and effective policies and procedures to require adequate observation, management, oversight, and supervision of the relationship between Pressley Ridge staff, including, but not limited to, PERPETRATORS, and/or staff members and the Plaintiffs;

n. Recklessly, negligently and/or carelessly failing to recognize the conduct of PERPETRATORS, and/or staff members and behavior prior to the events in question and/or as described herein as creating a risk of sexual, physical, and/or emotional abuse toward children, including, but not limited to, Plaintiffs;

o. Recklessly, negligently and/or carelessly failing to have proper policies and procedures to require adequate observation, management, oversight, and supervision of Plaintiffs and PERPETRATORS and/or staff members;

p. Failing to investigate complaints that PERPETRATORS and/or staff members were behaving inappropriately and/or touching children inappropriately, including, but not limited to, Plaintiffs;

q. Recklessly, negligently and/or carelessly failing to identify PERPETRATORS and/or staff members as a sexual, physical, and/or emotional abuser;

r. Recklessly, negligently and/or carelessly failing to investigate behavior of PERPETRATORS and/or staff members that put the Defendants on notice and/or should have placed Defendants on notice that PERPETRATORS and/or staff members was/were and/or might have been an abuser, potential pedophile and/or sexual predator;

s. Recklessly, negligently and/or carelessly failing to identify PERPETRATORS and/or staff members as a potential pedophile and/or sexual predator;

t. Failing to detect a rampant and open culture of sexual, physical, and/or emotional abuse of children in Pressley Ridge's care;

u. Failing to stop a rampant and open culture of sexual, physical, and/or emotional abuse of children in Pressley Ridge's care;

v. Facilitating an environment where residents were encouraged to sexually, physically, and/or emotionally abuse other residents;

w. Threatening Pressley Ridge residents with physical and/or sexual harm in an attempt to prevent them from reporting abuse,

and/or otherwise threatening punishment (e.g., home passes) if the abuse was reported;

x.  Refusing to allow parents of Pressley Ridge residents reasonable access to their children;

y.  Preventing Pressley Ridge residents from seeking appropriate medical attention for injuries caused by Pressley Ridge staff;

z.  Preventing Pressley Ridge residents from honestly disclosing the causes of their injuries to medical personnel;

aa. Violating state standards for juvenile correctional facilities.

80.    Defendant was negligent under the facts as detailed within this Complaint in that the Defendant failed to use that degree of care, precaution and vigilance which a reasonably prudent person or entity would use under the same or similar circumstances, including, but not limited to, the negligent affirmative acts detailed in this Complaint which a reasonably prudent person or entity would not have done, and also the negligent omission or failure to act and/or take precautions as detailed in this Complaint which a reasonably prudent person or entity would have done or taken under these circumstances.

81.    The actions of PERPETRATORS and/or staff members as described herein are evidence of negligence per se attributable to the Defendant.

82.    Defendant is vicariously liable for both the negligent and intentional acts of PERPETRATORS and/or staff members, their employee(s), where it is widely known that there is vulnerability of children and a public policy to protect said children from victimization, and imposes responsibility upon those individuals and institutions in the best position to know of and stop the abuse to said children, such as the Defendant herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), exclusive of prejudgment interest, costs and damages

for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT 2 – NEGLIGENT SUPERVISION

83.    The previous paragraphs set forth above are incorporated herein by reference.

84.    Defendant knew or should have known of the need to observe, manage, direct, oversee, train, and/or supervise staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible agents in their relationships with young children properly and effectively.

85.    Defendant knew or should have known of the particular risk posed by PERPETRATORS and/or other staff members based on, among other things, their inappropriate and/or questionable conduct, their history of sexually, physically, and/or emotionally abusing children, and/or their behavior indicative of an intent to isolate, groom, and/or facilitate sexually contacting and/or abusing a young minor child, including the abuse of Plaintiffs by PERPETRATORS.

86.    The negligence, carelessness, and/or recklessness of Defendant for the conduct of their actual or apparent staff members, teachers, counselors, employees, agents, servants, representatives, and/or ostensible agents, in the certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, training, and/or otherwise control of PERPETRATORS and/or staff members consists of one or more of the following:

> a.    Negligent certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of staff and/or teachers in the employ of Pressley Ridge and/or Defendant;

      b.   Failing to use due care in certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of PERPETRATORS and/or staff members and the relationship of PERPETRATORS and/or other staff members with Plaintiffs; and

      c.   Failing to investigate and supervise PERPETRATORS and/or other staff members and their relationships with Plaintiffs.

**WHEREFORE,** Plaintiff demands judgment against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT 3 – NEGLIGENT HIRING, TRAINING, AND RETENTION

87.   The previous paragraphs set forth above are incorporated herein by reference.

88.   Defendant knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiffs were sexually abused by PERPETRATORS and/or staff members that Plaintiffs affiliated and/or associated with Pressley Ridge were vulnerable to and potential victims of sexual, physical, and/or emotional abuse.

89.   Defendant also knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiffs were sexually abused by PERPETRATORS and/or staff members that the access to vulnerable youths, together with the trust and authority placed in staff and/or teachers, which makes working at a juvenile residential care/detention facility an enticing profession for sexual predators, and/or others seeking to abuse and exploit children.

90.   Defendant owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection, training, and/or retention of staff, teacher, counselors, employees,

agents, servants, representatives, and/or ostensible agents, situated in and/or located at Pressley Ridge and specifically a duty to be on high look out for possible pedophiles, sexual predators, and others seeking to abuse and exploit children.

91.     Defendant failed to exercise reasonable care in the hiring, certifying, assignment, control, selection, training, and/or retention of PERPETRATORS and/or staff members as staff members, teachers, employees, agents, servants, representatives and/or ostensible agents, among other things, the following:

a.   Failing to conduct a thorough and proper background check of PERPETRATORS and/or staff members;

b.   Failing to thoroughly and reasonably investigate PERPETRATORS and/or staff members' sexual and/or criminal history;

c.   Failing to learn of or investigate PERPETRATORS and/or staff members' history of sexual impropriety with children and their proclivity to sexually assault children;

d.   Failing to conduct a thorough and proper interview with PERPETRATORS and/or staff members;

e.   Failing to investigate whether PERPETRATORS and/or staff members had any inappropriate sexual interest in children;

f.   Failing to train staff members to recognize the signs of child sex abuse and to prevent it;

g.   Failing to train staff members to properly report suspicions of child sexual abuse;

h.   Failing to use due care in the selection of PERPETRATORS and/or staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all services rendered when standing *in loco parentis* and/or interacting with children;

i.   Failing to use due care in the retention of PERPETRATORS and/or staff members as a staff members and/or teachers rendering academic, rehabilitation, and/or delinquent services,

and/or all other services rendered when standing *in loco parentis* and/or interacting with children;

j.  Recklessly, negligently and/or carelessly failing to adequately check the background of PERPETRATORS and/or staff members, before hiring them as a staff member and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing *in loco parentis* and/or interacting with children; and

k.  Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen staff and/or teachers for the possibility of being sexual predators and/or physical and/or emotional abusers.

**WHEREFORE** Plaintiff demands judgment against Defendant in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.


## <u>COUNT 4 – BREACH OF FIDUCIARY DUTY</u>

92.    The previous paragraphs set forth above are incorporated herein by reference.

93.    By virtue of their status as owners and/or supervisors of Pressley Ridge, Defendant bore a fiduciary relationship to Plaintiff and other children and persons at Pressley Ridge.

94.    Defendant had fiduciary duties to avoid harming children and to protect them from harm at the hands of staff, teachers, employees, agents, servants, representatives, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for Defendant.

95.    Defendant breached their fiduciary duties by acting or failing to act in accordance with their fiduciary duties and/or as alleged in this Complaint.

96.     Plaintiff suffered the above-averred harms and damages as a result of Defendant's breach of their fiduciary duty.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

**Plaintiff demands a trial by jury.**

PLAINTIFF,
**By Counsel**

*/s/ Stephen P. New*
Stephen P. New (WV Bar #7756)
Stephen New & Associates
430 Harper Park Driver
Beckley, WV 25801
T: (304) 250-6017
F: (304) 250-6012
steve@newlawoffice.com

*/s/ Max Petrunya*
Max Petrunya (WV Bar #11563)
Max Petrunya, P.C.
5 Bayard Rd., Unit 917
Pittsburgh, PA 15213
T: (412) 720-3497
maxpetrunyapc@gmail.com